IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.  Case Nos.:  4:13cr8/RH/CAS
                4:15cv599/RH/CAS

**KARIM MUHAMMAD,**

  Defendant.
  Reg. No. 21900-017

___

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and supporting memorandum of law. (ECF No. 31). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

On March 21, 2013, Defendant pleaded guilty to a single count of possession of a firearm and ammunition by a convicted felon in violation of Title 18 U.S.C. §§ 924(g)(1) and 924(e). (ECF Nos. 18–20). The Statement of Facts identified six prior felony convictions including possession of cocaine, two counts of battery on a law enforcement officer, burglary of a dwelling while armed, and second degree murder. (ECF No. 18 at 2). Defendant had a total offense level of 30 and a criminal history category of VI. (ECF No. 27, Final PSR ¶¶ 25, 42, 43). The applicable guidelines range became 180 to 210 months due to the application of the statutory mandatory minimum sentence set forth in 18 U.S.C. § 924(e). (ECF No. 27, PSR ¶ 95). On May 28, 2013, the court sentenced Defendant at the low end of this range to a term of 180 months imprisonment. (*See* ECF Nos. 29, 30). Defendant did not appeal, and he filed nothing further until he filed the instant motion to vacate pursuant to the prison mailbox rule[1] on November 30, 2015. (ECF No. 31 at 13).

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 4:13cr8/RH/CAS; 4:15cv599RH/CAS

Although Defendant separates his claims into two grounds for relief, each is based on the same premise: that he is entitled to re-sentencing based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).  Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.  18 U.S.C. § 924(e)(1).  The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  18 U.S.C. § 924(2)(B)(i) and (ii).  The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S.Ct. at 2563.  Defendant contends that after Johnson, he no longer has the requisite number of predicate offenses to support application of ACCA to his case.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant asserts that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(2), (3), or (4). New decisional law constitutes neither "removal of a Government impediment" (§ 2255(f)(2)) nor new facts supporting a claim ((§ 2255(f)(4)), and thus, neither provision supports Defendant's assertion of timeliness. Defendant is left to rely on § 2255(f)(3), which provides that a timely § 2255 motion must be filed one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review."[2]  Although the Eleventh Circuit has not been directly presented with the issue, it has stated in dicta that the substantive rule in Johnson would apply retroactively for a petitioner seeking a first collateral review of his sentence.  *See* In re Rivero, 797 F.3d 986, 991 (11th Cir. 2015) (denying application for leave to file a second or successive § 2255 motion based on Johnson).[3]  Thus, the court accepts for purposes of this recommendation that the instant motion is timely filed.

Even assuming Johnson is retroactive, it affords Defendant no relief.  Defendant's PSR reveals that he has sufficient qualifying convictions to support the application of ACCA, even after the invalidation of the residual clause.  The PSR reflects prior convictions for: second degree murder, possession with intent to sell cocaine, burglary of a dwelling while

---

[2] Unlike § 2255(h), this section does not require that the Supreme Court itself hold that the new rule is retroactively applicable on collateral review.  *See* Bryant v. Warden, 738 F.3d 1253, 1277 (11th Cir. 2013).

[3] On September 14, 2015, the Eleventh Circuit entered an order appointing counsel for petitioner Rivero and directing the parties to address (1) whether the Johnson decision was "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and (2) whether a petitioner sentenced as a career offender under the Sentencing Guidelines could rely on Johnson in support of an application to file a second or successive § 2255 motion.  *See* In re Rivero, No. 15-13089-C, 2015 U.S. App. LEXIS 22125, at *1-2 (11th Cir. Sept. 14, 2015) (Order).

armed/armed robbery with a firearm, and aggravated battery (great bodily harm). (*See* ECF No. 27, PSR ¶¶ 28, 32, 38, 39).[4] These offenses were not affected by the Supreme Court's invalidation of the residual clause. Hence, because the record of the proceedings establishes that Defendant's criminal history supports the ACCA enhancement, he is not entitled to relief and the instant motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473,

---

[4] Defendant does not identify the convictions that he claims are no longer "countable" predicates for the ACCA enhancement. Rather, he relies on a general and conclusory assertion that he is entitled to relief. As this case illustrates, not every defendant sentenced under ACCA will be entitled to relief after <u>Johnson</u>.

483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 31) be summarily **DENIED and DISMISSED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 5th day of January, 2016.

>  /s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:13cr8/RH/CAS; 4:15cv599RH/CAS

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.