IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:13cr8-RH/CAS
 4:15cv599-RH/CAS

KARIM MUHAMMAD,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Karim Muhammad pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Under § 924(e), sometimes called the "armed career criminal act," the minimum mandatory sentence is 15 years in custody, and the maximum is life. The statute applies to a defendant with three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."

A series of Supreme Court decisions has narrowed the scope of § 924(e). The most recent of these decisions is *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held part of § 924(e)—its "residual clause"—unconstitutionally vague. Citing these decisions, Mr. Muhammad has moved for relief from his

sentence under 28 U.S.C. § 2255.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 32, and the objections, ECF No. 33.  I have reviewed *de novo* the issues raised by the objections.

None of the Supreme Court decisions help Mr. Muhammad, as the report and recommendation correctly concludes.

As set out in the presentence report *without objection*, Mr. Muhammad had previous convictions for possessing cocaine with intent to sell (presentence report ¶ 32), second degree murder (*id.* ¶ 28), armed robbery with a firearm (*id.* ¶ 38), and aggravated battery causing great bodily harm (*id.* ¶ 39).  Each of these is a 924(e) predicate offense.  Mr. Muhammad objected to the presentence report's description of the facts underlying the conviction of aggravated battery causing great bodily harm, but he did not deny that he had not been convicted on that charge, or on any of the others.

Possessing cocaine with intent to sell qualifies because the statute applies to a "serious drug offense."  Under § 924(e)(2)(A)(ii), the term "serious drug offense" includes a state offense with a maximum sentence of 10 years or more that involves possessing a controlled substance with intent to distribute.  Mr. Muhammad's conviction for possessing cocaine with intent to sell meets this standard.  *See United States v. Bullard*, 610 F. App'x 898 (11th Cir. 2015) (holding

that a Florida conviction for possessing cocaine with intent to sell was a § 924(e) predicate offense).

The other three convictions also qualify. The statute applies to a "violent felony." Under § 924(e)(2)(B)(i)—sometimes called the "elements clause"—the term "violent felony" includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." The elements of each of these offenses meet this standard. A plain reading of the statute dictates this result, which also draws support from a series of Eleventh Circuit decisions. *See, e.g.*, *Yawn v. FCC Coleman-Medium Warden*, 615 F. App'x 644 (11th Cir. 2015) (stating that the elements clause applied to a Florida conviction for armed robbery); *United States v. Eady*, 591 F. App'x 711 (11th Cir. 2014) (applying the elements clause to a Florida conviction for felony battery and alternatively holding that the residual clause applied); *Dixon v. United States*, 588 F. App'x 918, 922 (11th Cir. 2014) (holding that the elements clause applied to a Florida conviction for aggravated battery "because violent physical force is an element of the offense").

In sum, Mr. Muhammad plainly had at least four 924(e) predicate offenses. The Supreme Court decisions addressing the statute cast no doubt at all on this conclusion. Mr. Muhammad's sentence was proper.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Muhammad has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on January 26, 2016.

s/Robert L. Hinkle<br>United States District Judge